UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CARLOS ARAUJO, on behalf of himself and all other
persons similarly situated,

                                  Plaintiff,                         **COMPLAINT**

     -against-

LANDSCAPES BY JEFFCO, INC. and JEFFREY COLON,

                                            *Collective Action*

                         Defendants.
------------------------------------------------------------------------X

Plaintiff, CARLOS ARAUJO ("Plaintiff") on behalf of himself and all other persons similarly situated, by and through his attorneys, the Romero Law Group PLLC, complaining of the Defendants, LANDSCAPES BY JEFFCO, INC. ("Jeffco") and JEFFREY COLON ("Colon," together with Jeffco, as "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.     Defendants failed to pay Plaintiff and other similarly situated employees premium overtime wages for hours worked in excess of forty hours per week in violation of both the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), and the New York Labor Law Articles 6 and 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL"), and failed to pay Plaintiff and members of the collective action prevailing wages and supplemental benefits for work that they performed on Public Works Projects.

2.     Plaintiff brings this action against Defendants to recover unpaid wages on behalf of himself and all other persons similarly situated under the FLSA and NYLL, as well as prevailing wages and benefits which Plaintiff and members of the collective action were contractually entitled

1

to receive for work they performed for Defendants on various Public Works Projects pursuant to contracts with governmental entities.

## .JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391.

## PARTIES

6.      Plaintiff is a resident of the State of New York, Suffolk County.

7.      At all times relevant, Plaintiff was an "employee" within the meaning of the FLSA and NYLL.

8.      Defendant Jeffco is a domestic business corporation with its principal place of business located at 241 Broadway, Huntington Station, New York 11746

9.      At all times relevant, Defendant Jeffco was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and NYLL § 190(3).

10.     At all relevant times, Defendants were subject to the requirements of the FLSA because they had annual gross revenue of at least $500,000, were engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.  Defendants' employees were engaged in landscaping and yard maintenance and used tools, equipment and other materials which originated in other states.

11.     Defendant Colon was a shareholder and/or officer of Jeffco, had authority to make payroll and personnel decisions for Jeffco, was active in the day-to-day management of the

2

corporate defendant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiff seeks to recover.

## FACTUAL ALLEGATIONS

12.    Defendants provide landscaping, yard maintenance, and gardening services to commercial and residential properties within New York State.

13.    Plaintiff was employed by Defendants as a laborer and landscaper from on or about April 25, 2005 to on or about December 14, 2025.

14.    Plaintiff regularly worked five or six days per week, from 7:00 a.m. until between 4:30 p.m. and 6:00 p.m. Monday through Friday, and sometimes Saturday, for a total of between forty-seven and one-half hours and fifty-five hours or more, each week.  Thus, Plaintiff regularly worked more than 40 hours in a single workweek.

15.    Defendants paid Plaintiff a regular hourly rate of $28.00 per hour for all hours worked, regardless of the actual number of hours worked each week. As a result, Defendants failed to pay Plaintiff at the rate of one and one-half times his regular rate of pay for hours worked after 40 hours per workweek.

16.    Defendants contracted with governmental entities to provide services upon Public Works Projects.

17.    Upon information and belief, the contracts for these Public Works Projects required that Defendants pay and ensure payment of the prevailing rates of wages and supplements to all workers furnishing labor on the sites of the Public Works Projects.  Upon information and belief, the public works contracts also provided that any subcontracts that Defendants entered into contain

3

language requiring the payment of prevailing rates of wages and supplements to all workers furnishing labor on the sites of the Public Works Projects.

18.    As required by law, a schedule containing the prevailing rates of wages and supplemental benefits to be paid to the Plaintiffs should have been annexed to and formed as part of the public works contracts.  If not annexed to the public works contracts, these schedules were expressly or impliedly incorporated into the contracts as a matter of law and/or public policy.

19.    The promise to pay and ensure payment of the prevailing wage and supplemental benefit rate in the public works contracts was made for the benefit of all workers furnishing labor on the sites of the Public Works Projects and, as such, the workers furnishing labor on the sites of the Public Works Projects are the beneficiaries of that promise and the contracts entered into between Defendants and public entities.

20.    Plaintiff and similarly situated individuals have not received wages and benefits for all hours worked at the rates required by the public works contracts.

21.    As employees of Defendants who were assigned to work on Defendants' publicly financed projects, Plaintiff and the putative members of the collective action members were intended third-party beneficiaries of Defendants' public works contracts.

22.    Defendants failed to pay Plaintiff and the putative collective action members at the appropriate prevailing wage rates for their publicly financed contracts.

23.    Defendants failed to provide Plaintiff with an accurate statement with every payment of wages listing, *inter alia,* the correct overtime rate of pay for hours worked in excess of 40 hours per workweek in violation of NYLL § 195(3).

24.    Defendants' failure to properly state Plaintiff's correct overtime rates and amounts of pay or correct prevailing wage rates and amounts of pay each pay period prevented Plaintiff

4

from knowing to what extent he had been underpaid and seeking payment for the precise amount of his unpaid wages.

25.     As a result, Plaintiff was deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier.  Plaintiff was unable to determine how much he had been underpaid throughout his employment.  Plaintiff would have asserted his claim sooner if accurate statements had been provided.

26.     Defendants' failure to provide accurate statements not only denied Plaintiff the time-value of the underpayments he seeks to recover in this action, but also resulted in continued practice of paying Plaintiff less than one and one-half times his regular rate for hours that he worked after 40 hours per workweek.

27.     With no way to know how much he should have been making, Plaintiff worked for a period of over *twenty* years without discovering that he had been underpaid nearly every week.  Indeed, Plaintiff was further harmed by this because by not discovering Defendants' underpayment until recently, the majority of unpaid wages throughout Plaintiff's employment are now beyond the statute of limitations and no longer recoverable.

28.     Defendant failed to post required notices regarding payment of minimum wages and overtime compensation as required by the FLSA and NYLL.

29.     Defendant treated and paid Plaintiff and the FLSA Collective Action Plaintiffs in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

30.     At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies,

programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

31.    Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

32.    Plaintiff seeks to proceed as a collective action with regard to the First Claim and Second Claim for Relief, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following similarly situated employees:

> All persons who are currently or have been employed by the Defendants as laborers, landscapers, and/or in a similar position at any time during the three (3) years prior to the filing of their respective consent forms.

33.    The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b).

34.    Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which have been unlawfully withheld from them by the Defendants.

6

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

35.     Plaintiff and Collective Action Members alleges and incorporates by reference all allegations in all preceding paragraphs.

36.     Defendants employed Plaintiff and Collective Action Members for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and Collective Action Members for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

37.     Defendants' violations of the FLSA have been willful and intentional.  Thus, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

38.     As a result of Defendants' unlawful acts, Plaintiff and Collective Action Members are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: OVERTIME WAGES

39.     Plaintiff and any FLSA Collective Action Member who opts-in to this action alleges and incorporates by reference all allegations in all preceding paragraphs.

40.     Defendants employed Plaintiff and any FLSA Collective Action Member who opts-in to this action for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and any FLSA Collective Action Member who opts-in to this action for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of NYLL.

41.     By defendants' failure to pay Plaintiff and any FLSA Collective Action Member who opts-in to this action overtime wages for hours worked in excess of 40 hours per week,

7

Defendants willfully violated the New York Labor Law Article 19, §650 et seq., and supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

42.     Due to Defendants' violations of the New York Labor Law, Plaintiff and any FLSA Collective Action Member who opts-in to this action are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**THIRD CLAIM FOR RELIEF**
**BREACH OF CONRACT AS THIRD-PARTY BENEFICIARIES**

43.     Plaintiff and any FLSA Collective Action Member who opts-in to this action alleges and incorporates by reference all allegations in all preceding paragraphs.

44.     Defendants entered into contracts with one or more third parties to provide services on Public Works Projects for which Plaintiff and Class Members provided labor.

45.     Defendants agreed as part of such contracts and/or as a matter of law were required by such contracts to pay Plaintiff and Class Members a "prevailing wage."

46.     Plaintiff and Class Members were third-party beneficiaries of the contracts entered into by Defendants.

47.     Defendants breached the Public Works contracts in that they failed to pay Plaintiff and Class Members the prevailing wages for all labor performed on the Public Works and that Plaintiff and Class Members did not receive the monies they were due as third-party beneficiaries of the contracts.

48.     Defendants are liable to Plaintiff and Class Members for damages based upon an accounting of the wages the Plaintiff and Class Members were paid and the wages they were entitled to be paid as third-party beneficiaries of the contracts.

**FOURTH CLAIM FOR RELIEF**
**NEW YORK LABOR LAW SECTION 195(3)**

49.    Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

50.    Defendants failed to provide Plaintiff with an accurate statement of his wages each pay period as required by Section 195 of the Labor Law.

51.    Due to Defendant's failure to provide Plaintiff with the notice and statement required by Section 195 of the Labor Law, Plaintiff is entitled to statutory damages in the amount of $5,000.00.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i)    Certification of a Collective Action pursuant to 29 U.S.C. § 216(b);

(ii)    Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(iii)    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations;

(iv)    Unpaid wages pursuant to New York Labor Law, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(v)    Unpaid prevailing wages and supplementary benefits;

(vi)    Damages pursuant to New York State Labor Law § 198(1-a);

(vii)    All attorneys' fees and costs incurred in prosecuting these claims; and

9

(viii)   Such other relief as this Court deems just and proper.

Dated:  Hauppauge, New York
July 24, 2026

ROMERO LAW GROUP PLLC

*/s/ Matthew J. Farnworth*

By:   _____

Matthew J. Farnworth, Esq.
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
(631) 257-5588
mfarnworth@romerolawny.com

*Attorneys for Plaintiff*

**CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against, Landscape by Jeffco, Inc, and any related entities or individual defendants, to recover unpaid wages and/or damages for untimely paid wages pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* and its applicable regulations and the New York Labor Law and its applicable regulations and wage orders. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Romero Law Group to represent me in this case.

Apr 21, 2026

_____
Carlos Araujo (Apr 21, 2026 19:11:57 EDT)

Carlos Araujo                                              Date